**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Daniel SILVA–MONTANO,
Defendant—Appellant.**

No. 05–30007.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Pamela Jackson Byerly, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Gerald R. Smith, Esq., FPDWA—Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM \*\*

Daniel Silva–Montano appeals the 46-month sentence imposed following his guilty plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 18 U.S.C. § 3742(a), and we remand.

 Silva–Montano contends that his sentence violates the Sixth Amendment because it was enhanced on the basis of the trial court's finding that he had committed an aggravated felony which was neither admitted to by him nor alleged in the indictment. This claim is foreclosed by *United States v. Moreno–Hernandez*, 419 F.3d 906, 914 n. 8 (9th Cir.2005) (holding that an 8 U.S.C. § 1326(b) sentence enhancement based on the fact of a prior conviction for assault raised no Sixth Amendment problems). However, because Mejia–Cienega was sentenced under the mandatory guidelines, we remand the case for further proceedings consistent with *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). *See Moreno–Hernandez*, 419 F.3d at 916 (extending *Ameline's* limited remand procedure to non-constitutional *Booker* error).

REMANDED.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

